**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

**TERRY WALKER,**
**PLAINTIFF**

**CASE No.: 1:07-CV-289**
**(Barrett, J; Hogan, M.J.)**

**V.**

**COGNIS OLEO CHEMICAL LLC, et. al.,**
**DEFENDANT**

## REPORT AND RECOMMENDATION

Before the Court are the Motion to Dismiss of Defendants, Ohio Civil Rights Commission, Norm Gibson, and Rolnecia Albert (Doc. 11); Plaintiff's Response in Opposition to the Motion to Dismiss (Doc. 16); and the Defendant's Reply to the Response in Opposition to the Motion to Dismiss (Doc. 17). For the reasons which follow, the Court recommends that Defendants' motion be granted.

## FACTUAL BACKGROUND

Plaintiff, Terry Walker, was denied his scheduled pay raise in January. (Doc. 1, Complaint). He complained to his supervisor but when he did not obtain a satisfactory answer, he filed a complaint with the Ohio Civil Rights Commission ("OCRC"). (ld.). Plaintiff alleges that, although he was initially told that he had "probable cause" to commence an investigation into the matter, the OCRC later told him that he had "no probable cause" to pursue such a claim. (Doc. 2 Amended Complaint). Plaintiff, however, received his pay increase after he filed his complaint with the OCRC. (Doc. 1, ¶ 6). Plaintiff did not appeal the OCRC's decision. Instead, Plaintiff brought suit in federal court alleging racial discrimination and seeking monetary relief as well as an injunction against the OCRC. (Doc. 2).

## 11th AMENDMENT IMMUNITY

The Eleventh Amendment of the United States Constitution states that "the judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." The U.S. Supreme Court has construed the Amendment as precluding for federal jurisdiction over suits against nonconsenting States. *Kimel v. Fla. Bd. Of Regents*, 528 U.S. 62, 72-73 (2000). The Court further extended this immunity to state agencies. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100-101 (1984)("It is clear, of course, that in the absence of consent, a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment.") Furthermore, any named person in the suit, sued in his or her official capacity, is also immune from suit because such suit is not brought against the person but against the office, and as such, it is no different from a suit against the State itself. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71(1989).

In their Motion to Dismiss, Defendants argue that the state of Ohio is immune from claims brought in federal court under the United States Constitution. In addition, they conclude that the OCRC is an agency of the State and therefore the claim against it must be dismissed. They further argue that because Ms. Albert, the OCRC investigator, and her supervisor, Mr. Gibson, are agents of the State, they are immune from suit, and accordingly, the claims against them must be dismissed.

The Ohio Revised Code explains that the OCRC's five members shall be appointed by the governor, for a term of five years, with the advice and consent of the senate, and any member of the commission may be removed by the governor for "inefficiency, neglect of duty, misconduct, or malfeasance in office," after being given a written statement of the charges against him and an opportunity to be heard publicly thereon. O.R.C. § 4112.03. Therefore, it is undisputed that the OCRC is an agency of the state.

This Court finds Defendants' argument to be well taken. Because Ohio has not consented to suit, and the OCRC is an agency of the state of Ohio, Ohio's immunity from suit should also extend to the OCRC.

Plaintiff has also brought suit against individual Defendants Albert and Gibson. As stated earlier, a suit against Defendants in their official capacities would, in reality, be a way of pleading the action against the entity of which Defendants are agents. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690 (1978). Thus, actions against state officials in their official capacities are included within the Eleventh Amendment's bar prohibiting suits against nonconsenting States. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 70-71 (1989); *Scheuer v. Rhodes*, 416 U.S. 232 (1974). A suit for monetary relief against a state official in his official capacity is in essence a suit against the State and thus barred by the Eleventh Amendment. *Will,* 491 U.S. at 71.

The Sixth Circuit en banc revisited the Eleventh Amendment immunity issue in *Moore v. City of Harriman*, 272 F.3d 769 (6th Cir. 2001)(en banc). In *Moore*, the Court of Appeals held that a plaintiff has the affirmative duty to clearly notify the defendants of the potential for individual liability. *Moore v. City of Harriman*, 272 F.3d 769 (6th Cir. 2001)(en banc); *Wells v. Brown*, 891 F.2d 591, 593 (6th Cir. 1989). *See also Pelfrey v. Chambers*, 43 F.3d 1034, 1038 (6th Cir.), *cert. denied*, 515 U.S. 1116 (1995). "The rationale behind this requirement is to afford state officials sufficient notice of the fact that they could be held personally liable for the payment of any damage award obtained by the plaintiff." *Pelfrey*, 43 F.3d at 1038 (citing *Wells*). Absent a specification of capacity in the complaint, the court must apply a "course of proceedings" test to determine whether the Defendants have received adequate notice of Plaintiff's intent to hold them personally liable. *Moore*, 272 F.3d at 772. In applying this test, the court considers the following factors: the nature of the Plaintiff's claims; requests for compensatory or punitive damages; the nature of any defenses raised in response to the complaint, in particular claims of qualified immunity which is an individual defense; and whether subsequent pleadings put the Defendants on notice of the capacity in which they are being sued. *Moore*, 2001 W.L. 1388860, *20 n.1.

Applying the course of proceedings test in *Pelfrey v. Chambers*, the Sixth Circuit found dismissal not warranted where the complaint failed to specify that the defendants were sued in their individual capacities for damages. 43 F.3d at 1038. In *Pelfrey*, one month after the complaint was filed the plaintiff clearly stated in a motion that the defendants acted outside the scope of their employment and in bad faith. The case was dismissed at an early stage in the

proceedings and the Sixth Circuit stated that under such instances the plaintiff should be given the opportunity to amend his complaint to specify the capacity in which he is suing the defendants. *Id.* In *Abdur-Rahman v. Michigan Department of Corrections*, 65 F.3d 489, 491 (6th Cir. 1995), the Sixth Circuit held that even though the plaintiff did not specify capacity in his complaint, the defendant was given sufficient notice that he was being sued in his individual and official capacities via the plaintiff's reply memorandum to the defendant's motion for summary judgment.

In this case, the Complaint does not state in what capacity Defendants are being sued. In his Complaint, Plaintiff challenges the OCRC's "no probable cause" finding and alleges that the OCRC and Cognis have an "unethical relationship" because the OCRC notified Cognis of his charge during its investigation. The Complaint appears to seek only injunctive relief from Defendants OCRC, Gibson and Albert. (Doc. 2, p.21). Pleadings subsequent to the filing of the Complaint also indicate an intent to seek injunctive relief from Defendants. (Doc. 12 at #6). Plaintiff specifically clarifies that he is asking the Court "to force some kind of change" upon the OCRC, namely requiring the OCRC to provide copies of transcripts or disposition of investigations to parties requesting such. (Id.). Plaintiff's suit against Defendants Gibson and Albert appears to arise solely from their participation in OCRC's investigation of Plaintiff's charge. There is simply no indication that Plaintiff has sought to sue Defendants Gibson and Albert in their individual capacities. Moreover, while Defendants' Answers to Plaintiff's Amended Complaint briefly mention qualified immunity as an alternative affirmative defense, Defendants' Motion to Dismiss argues only immunity under the Eleventh Amendment. We find such argument to be indicative of Defendants' belief that they are being sued only in their official capacities. Thus, based on the course of proceedings in this case, the Court finds that there is no evidence that Defendants received sufficient notice that they were being sued in their individual capacities. As such, Plaintiff's claims against Defendants Gibson and Albert shall be construed as against Defendants in their official capacities only. The Eleventh Amendment bars suit against a state agency in federal court for injunctive relief. *Pennhurst State School v. Halderman*, 465 U.S. 89, 100 (1984); *Alabama v. Pugh,* 438 U.S. 781, 782 (1978); *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). Because actions against state officials in their official capacities are included within the Eleventh Amendment's bar prohibiting suits against

nonconsenting States, Plaintiff's Amended Complaint should be dismissed against Defendants Gibson and Albert.

**SUBJECT MATTER JURISDICTION**

Defendants further argue that the Court lacks jurisdiction over the subject matter in this case. Rule 12(b)(1) motions to dismiss based on subject matter jurisdiction generally come in two varieties. A facial attack on the subject matter jurisdiction alleged by the complaint merely questions the sufficiency of the pleading. In a facial attack, the basis of the challenge is that Plaintiff has failed to "faithfully recite all the jurisdictional predicates necessary for the Court to exercise subject matter jurisdiction over the matter." *Dalton v. Jefferson Smurfit Corporation,* 979 F. Supp. 1187, 1193 (S.D. Ohio 1997)(Dlott, J.). In reviewing such a facial attack, the court takes the allegations in the complaint as true.

On the other hand, a factual attack challenges the factual existence of subject matter jurisdiction rather than the sufficiency of the pleadings' allegations. *Ohio National Life Insurance Company v. United States*, 922 F.2d 320, 325 (6th Cir. 1990); *see also U.S. v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). When the Court reviews a factual attack on subject matter jurisdiction, no presumption of truthfulness applies to the factual allegations of the complaint. *Ritchie*, 15 F.3d at 598. The Court is free to rely on affidavits or any other evidence to satisfy itself as to the existence of its power to hear the case. *Id.*; *see also Rogers v. Stratton Industries, Inc.*, 798 F.2d 913, 915 (6th Cir. 1986). Plaintiff must demonstrate jurisdiction in order to survive the motion. *Moir v. Greater Cleveland Regional Transit Authority*, 895 F.2d 266, 269 (6th Cir. 1990). "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3).

Because the Defendants' arguments do not challenge the Plaintiff's Complaint for insufficiency of the jurisdictional predicates, the Court will treat the Defendants' 12(b)(1) motion as a factual attack.

Plaintiff alleges that he was denied his scheduled pay raise because of his race. Unsatisfied with his supervisor's explanation, Plaintiff filed a complaint with the OCRC.

Plaintiff subsequently received his pay raise. The OCRC, however, allegedly told Plaintiff that he lacked "probable cause" to pursue a racial discrimination claim. Plaintiff did not appeal that decision. Instead, Plaintiff brought suit in this Court seeking monetary and injunctive relief. Plaintiff's Complaint contains many allegations and conclusory statements, but he does not, in any way, demonstrate how this Court has jurisdiction over his claim.

Defendants, on the other hand, argue that Plaintiff's Complaint is an appeal of the OCRC "no probable cause" decision, and consequently, should be dismissed for lack of jurisdiction. Unfortunately for Plaintiff, it appears beyond doubt that he has failed to set forth any facts in the Complaint which would provide this Court with jurisdiction.

The Ohio Revised Code states that "any complainant, or respondent claiming to be aggrieved by a final order of the commission, including a refusal to issue a complaint, may obtain judicial review thereof … in a proceeding … brought in the common pleas court of the state … wherein the unlawful discriminatory practice which is the subject of the commission's order was committed …." O.R.C. § 4112.06 (A). Furthermore, the Code states that "the court shall be exclusive and its judgment and order shall be final subject to appellate review." O.R.C. § 4112.06 (F). Moreover, the courts have held that "the court of common pleas has exclusive jurisdiction to modify, set aside, or enforce the order of the Commission." *See Ingram v. OCRC*, 588 N.E.2d 162, 163 (1990). *See Also*, *Ohio Civil Rights Comm'n v. Ingram* 630 N.E.2d 669, 672 (1994).

When a state provides for administrative agency review of an appellate nature, federal district courts have neither original jurisdiction nor removal jurisdiction over the review proceedings. *Shamrock Motors v. Ford Motor Co.*, 120 F.3d 196, 200 (9th Cir. 1997). Moreover, federal courts have no general appellate authority over state courts or state agencies." *Hameetman v. City of Chicago*, 776 F.2d 636, 640 (7th Cir. 1985). Under Ohio law, the court of common pleas has exclusive jurisdiction over appeals of the commission's decisions, to modify, set aside, or enforce the order of the commission. Plaintiff's appropriate course of action, therefore, was to appeal the commission's decision to the common pleas court. Because he failed to do so and Ohio provides for administrative agency review of an appellate nature, federal district courts have neither original jurisdiction nor removal jurisdiction over the review proceedings. Therefore, this Court lacks subject matter jurisdiction over the subject matter of

this suit, and subsequently, Defendants' Motion to Dismiss should be granted.

**IT IS THEREFORE RECOMMENDED THAT:**

1) Defendants' Motion to Dismiss (Doc. 11) be GRANTED.

2) Plaintiff's Amended Complaint be DISMISSED as against Defendants The Ohio Civil Rights Commission, Norm Gibson, and Rolnecia Albert.

Date 11/14/07

Timothy S. Hogan
United States Magistrate Judge

**NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO THIS R&R**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten (10) days after being served with this Report and Recommendation. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen (13) days (excluding intervening Saturdays, Sundays, and legal holidays) in the event this Report is served by mail, and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation are based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

**SENDER: *COMPLETE THIS SECTION***

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Terry Walker
3847 Odin Avenue
Cinti, OH 45213

***COMPLETE THIS SECTION ON DELIVERY***

A. Signature
X ☐ Agent ☐ Addressee

B. Received by *( Printed Name)* C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☒ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? *(Extra Fee)* ☐ Yes

2. Article Number *(Transfer from service label)* 7007 1490 0001 0562 6479

PS Form 3811, August 2001 Domestic Return Receipt 102595-01-M-2509

1:07cv289 (Doc. 18)