IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **TERRY WALKER,** | : | **Case. No. 1:07-cv-289** |
| Plaintiff | : | |
| v. | : | **Barrett, Judge** |
| | : | **Hogan, Magistrate Judge** |
| **COGNIS OLEO CHEMICAL, LLC, et al.,** | : | |
| Defendant | : | |
| | : | |

**ORDER**

This matter is before the court on objections by the Plaintiff to two different Report and Recommendations by Magistrate Judge Hogan.  The first R&R (Doc. # 18) recommended granting the Motion to Dismiss filed by Defendants the Ohio Civil Rights Commission, Norm Gibson and Rolnecia Albert (Doc. # 11).  To this motion the Plaintiff responded (Doc. # 16) and the Defendants replied (Doc. # 17).

The second R&R (Doc. # 23) recommended that the case be dismissed without prejudice in accordance with what the Magistrate Judge believed to be Plaintiff's request to dismiss the case.  To this recommendation, Plaintiff has objected (Doc. # 25 ), Defendant Cognis Oleo Chemical, LLC has responded (Doc. # 26), and Plaintiff has filed a motion to amend his prior objection (Doc. # 27).

I.  FACTUAL BACKGROUND

This is a civil rights matter in which the Plaintiff claims that he was discriminated against

by his employer, Cognis Oleo Chemical, LLC, (Cognis) and by the Ohio Civil Rights Commission (OCRC) on the basis of his race.  Plaintiff, Terry Walker (Walker), was denied his scheduled pay raise in January of 2007.  He complained to his supervisor, but when he did not receive a satisfactory answer, he filed a complaint with the OCRC.  Plaintiff alleges that the OCRC incorrectly determined that there was no probable cause to pursue a claim, especially when the OCRC had initially determined that he did have probable cause to initiate an investigation.

In any event, Plaintiff received his pay increase after he filed his complaint with the OCRC.  Plaintiff did not appeal the OCRC's decision.  Rather, he brought suit in federal court alleging racial discrimination as against his now former employer Cognis and seeking monetary relief as well as an injunction against the OCRC.  To support his complaint, Plaintiff claims that he was being asked to participate in additional training that his white co-workers were not required to do.  Plaintiff is no longer employed with Cognis.  He claims he was constructively discharged.

II.     PROCEDURAL BACKGROUND

Defendant OCRC and the Defendant employees of the OCRC filed a motion to dismiss (Doc. # 18) on the grounds that the Eleventh Amendment provided immunity for the state agency and for its employees sued in their official capacities.  These Defendants also claimed that the court lacked subject matter jurisdiction because the state courts have exclusive jurisdiction over appeals from the OCRC and also because the Plaintiff had failed to exhaust his state administrative remedies.  Following the responses and replies as outlined above, Magistrate

Judge Hogan recommended to grant the motion to dismiss as to the OCRC and its employees.

### III. STANDARD OF REVIEW

When objections are received to a Magistrate Judge's Report and Recommendation on a dispositive matter, the assigned District Judge "shall make a *de novo* determination. . .of any portion of the Magistrate Judge's disposition to which specific written objection has been made. . . ." Fed. R. Civ. P. 72(b).

*De novo* review requires:

> at least a review of the evidence before the Magistrate Judge; the Court may not act solely on the basis of a Magistrate's Report and [Recommendation]. The Court may supplement the record by entertaining additional evidence, but is not required to do so. After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the Magistrate Judge. If the Court accepts a Report and Recommendation, the Court is not required to state with specificity what it reviewed; it is sufficient for the Court to state that it engaged in a de novo review of the record and adopts the Report and Recommendation.

*Shoucair v. Snacker*, Not Reported in F. Supp.2d, 2006 WL 2604678 (E.D. Mich.))(citing 12 Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 3070.2 (1997); *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981); *Lardie v. Birkett*, 221 F. Supp.2d 806, 807 (E.D. Mich. 2002)(Gadola, J.))(internal citations omitted).

After review, the District Judge "may accept, reject or modify the recommended decision, receive further evidence, or recommit the matter to the Magistrate Judge with instructions." *Id; see also* 28 U.S.C. 636(b)(1)(B). General objections are insufficient to preserve any issues for review: "[a] general objection to the entirety of the Magistrate's report has the same effect as would a failure to object." *Howard v. Secretary of Health and Human Services,* 932 F.2d 505, 509 (6th Cir. 1991).

IV.    OBJECTIONS

    A.    Report and Recommendation Regarding Motion Asking Permission to Attempt to Resolve Out of Court

Due to the procedural posture of this case, the court will address the objections to the second Report and Recommendation first. Plaintiff filed a motion which was entitled "Motion Asking for Permission to Resolve Out of Court" (Doc. #22). Therein, the Plaintiff requested "to go outside of the court . . . to leave the court and my reasons I would like to bring closure without going [through] the motions of court because I never really wanted to go this far . . . ." Plaintiff further stated that he "is not throwing in the towel" and that he wants "to bring an end to [the] madness." *Id.*

The Magistrate Judge interpreted this motion as a request for voluntary dismissal pursuant to Fed. R. Civ. P. 41 (a)(2) and granted what he understood at the time to be Plaintiff's request. Plaintiff responded and objected, however, clarifying his earlier motion as one requesting mediation or arbitration. (Doc. # 25). Plaintiff stated that it was not his intention to obtain a voluntary dismissal, but was to make a "motion to compel Defendant and allow for potential pre-trial arbitration." *Id.*

Defendant Cognis responded and stated that the Plaintiff's objections should be overruled because the Plaintiff did not file specific written objections, which transforms his objection to a general objection and is not to be considered under the rules. (Doc.# 26).

Plaintiff thereafter filed a "Motion to Amend Objection to Report and Recommendation" (Doc. # 27) and moved the court to allow his submission of "additional specifics." Therein, the Plaintiff clarified his earlier motion in which he intended to request pre-trial arbitration. *Id.*

Upon review of the filings of the parties and the Magistrate Judge's Report and

Recommendation, and when considering that this motion was filed by a *pro se* Plaintiff, this Court finds that Plaintiff's objections are well taken.  Plaintiff's objections to Report and Recommendation Doc. #23 should be sustained and his motions related thereto should be granted.

When considering *pro se* complaints, the courts are to apply a liberal standard.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  As this Court has recognized: "A court should make a reasonable attempt to read the pleadings to state a valid claim on which the plaintiff could prevail, despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with the pleading requirements."  *Ashiegbu v. Purviance*, 74 F.Supp.2d 740, 746 (S.D. Ohio 1998), *citing*, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Upon review of Plaintiff's motion, along with his objections, it is apparent that he was seeking to Court's assistance in taking this matter to mediation, arbitration or some other form of alternative dispute resolution.  With the clarification provided, it is clear that he was not seeking a voluntary dismissal.  The Plaintiff's initial filings and his objection to this R&R are sincere and appear to have been drafted to the best of the Plaintiff's ability.  Mastery of civil procedure is not something the Court can expect a *pro se* Plaintiff to achieve over night.[1]

Therefore, Plaintiff's objection to the Report and Recommendation Doc. #23 are found to be well taken and are sustained.

---

[1] It appears from the filings that Plaintiff has obtained some assistance in the drafting of a few of his later pleadings.  If Plaintiff has retained counsel, his counsel will need to enter an appearance pursuant the Court's rules.

      B.      Report and Recommendation regarding OCRC and its Employees' Motion to Dismiss

In this Report and Recommendation, Magistrate Judge Hogan found that the OCRC, as a state agency of Ohio, is immune from suit under the Eleventh Amendment (Doc. # 18, R & R, p. 2). The R & R further found that the complaint appeared to seek only injunctive relief from the OCRC and its employees and that there was no indication in the record that the named OCRC employee defendants, Gibson and Albert, were being sued in their individual capacities. Therefore, as the complaint was construed as raising claims against the OCRC employees in their official capacities, the Magistrate Judge held that the Eleventh Amendment immunity barred suit against them as well (Doc. # 18, R & R, p. 4-5).

The Magistrate Judge further found that the Court lacked subject matter jurisdiction over the Plaintiff's claims that appeared to challenge the findings of the OCRC. The Magistrate Judge recognized that the Ohio state courts have exclusive jurisdiction over appeals from decisions of the OCRC, pursuant to O.R.C. § 4112.06(A), which provides for appellate type review of the decisions of an administrative agency.

Plaintiff filed objections to this R&R (Doc. # 20). Plaintiff's objections, however, are less than clear, even when applying the more lenient *pro se* standard. He appears to state that he tried to appeal the decision of the OCRC to the Ohio Attorney General, but that he was directed to the EEOC. Otherwise, there are no other specific objections that challenge the Magistrate Judge's Eleventh Amendment or subject matter jurisdiction analysis.

Defendant responds and argues that the Plaintiff has failed to properly and specifically object to the Magistrate's Report and Recommendation, that the Report and Recommendation is a correct and accurate statement of law as to the Eleventh Amendment and subject matter

jurisdiction. Following a detailed review of the Plaintiff's objections, as well as the entire record before the Court at this time, this Court finds that the Plaintiff has filed to raise any specific and /or legally recognizable objections to the Magistrate Judge's Report and Recommendation. There are no discernable specific objections in Plaintiff's attempt to object, and only miscellaneous factual assertions. Neither does Plaintiff address the Eleventh Amendment of subject matter jurisdiction issues upon which Magistrate Judge Hogan based his determinations. As stated above, general objections are insufficient to preserve any issues for review; "[a] general objection to the entirety of the Magistrate's report has the same effect as would a failure to object." *Howard,* 932 F.2d at 509. Therefore, this Court finds that the Plaintiff's objections are not well taken and shall be over ruled.

Moreover, in Plaintiff's Motion to Amend Objection to Report and Recommendation (Doc. # 27), Plaintiff references the dismissal of "earlier Defendants, namely the Ohio Civil Rights Commission [who were] dismissed . . . because they are covered in whole from any lawsuit pursuant to the Eleventh Amendment." (Doc. # 27, p. 1). Ths indicates that the Plaintiff has accepted that the OCRC and its employees are immune from suit, as held by Magistrate Judge Hogan. This acknowledgment provides additional support to adopt the Magistrate Judge's Report and Recommendation.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Plaintiff's objections to the dismissal of the OCRC and its employees **(Doc. # 20)** are **OVERRULED** and the Magistrate's Report and Recommendation **(Doc. # 18)** is hereby **ACCEPTED AND ADOPTED**; and

2. Plaintiff's objections to the voluntary dismissal of his complaint **(Doc. # 25)** are **SUSTAINED**; and

3. This matter is to proceed before Magistrate Judge Hogan as against the remaining Defendants.

**IT IS SO ORDERED.**

           ___s/Michael R. Barrett_____

           **MICHAEL R. BARRETT, JUDGE**