UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Terry Walker
    Plaintiff

vs

Cognis Oleo Chemical, LLC, et. al.,
    Defendants

Case No. C-1-07-289
(Barrett, J.)
(Hogan, M.J.)

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendants' Partial Motion to Dismiss, or in the Alternative, for Summary Judgment (Doc. 63). To date Plaintiff has filed no response to Defendants' motion.

Plaintiff, acting pro se, filed this action on April 10, 2007. (Doc. 1). Thereafter, on August 8, 2007, Plaintiff filed his First Amended Complaint. (Doc. 2). Defendants filed their Answer to the original Complaint and the First Amended Complaint on August 30, 2007. (Doc. 6). On November 3, 2008, Plaintiff filed his Second Amended Complaint. (Doc. 36). Plaintiff's Second Amended Complaint was thirty-three (33) pages long. (Id.). Twenty-two (22) pages of the Second Amended Complaint appeared to be Plaintiff's handwritten notes related to the events that allegedly gave rise to this suit. (Id. at 11-32). The case caption of the Second Amended Complaint read: Terry Walker, Plaintiff vs. Cognis Oleo Chemicals, LLC, et. al., Defendant. (Id. at 1). The text of the Second Amended Complaint references one defendant only:

    2.    The defendant is a Limited Liability Company and employer registered to do business in the State of Ohio as of July 6, 2005.

    3.    The Plaintiff was an employee of the Defendant at the worksite located at 5051 Esteecreek Drive Cincinnati, Ohio 45232 from the dates of May 9, 2005 through August 15, 2008.

(Id. at 1, ¶¶ 2, 3). In his Second Amended Complaint Plaintiff asserts claims of "Employee Discrimination in regards to race and retaliation." (Id. at 1, ¶ 4). Plaintiff further alleges in his Second Amended Complaint that: "[t]his action is also brought under Title VII—The Civil Rights Acts of 1964, FLSA, 29 USCS 2601, 42 USC 1981, 42 USCS Section 12101, 42 USCS Section

2000e-2, any other section not directly stated and the 14th Amendment to the United States Constitution." (Id. at 1, ¶ 5).

On November 26, 2008, Defendant Cognis filed a Motion for a More Definite Statement. (Doc. 38). Specifically, Defendant alleged that: (1) the Second Amended Complaint was unclear as to whether Plaintiff was asserting claims only against Defendant Cognis or against Cognis and the individual defendants listed in his previously filed complaints, and (2) the Second Amended Complaint's lack of separate counts made it impossible for Defendant to determine what separate claims were being asserted under the laws listed in the Second Amended Complaint. (Id. at 2).

On February 25, 2009, the Court granted Defendants' Motion for More Definite Statement directing Plaintiff to file such on or before March 30, 2009. (*See* Doc. 45). On March 31, 2009, a status conference was held at which Plaintiff was granted an extension of time until April 6, 2009 in which to file a more definite statement. (Doc. 47). Rather than filing a more definite statement, Plaintiff filed a Motion to Object to Request for More Definite Statement (Doc. 48) to which Defendants filed a Motion to Strike Motion to Object to Request for More Definite Statement and Motion to Dismiss Plaintiff's Complaint. (Doc. 49). Plaintiff then requested a telephone conference (*See* Doc. 51). On June 26, 2009, a status conference was held via telephone. Taking into consideration Plaintiff's pro se status and his apparent difficulty with filing a more definite statement of his claims against Defendants, the Court ordered that Defendants take the deposition of Plaintiff in order to ascertain who Plaintiff was attempting to sue and what claims he was trying to bring. (Doc. 53). Plaintiff's deposition was taken by Defendant Cognis on July 23, 2009.

Defendants now move the Court to dismiss Plaintiff's claims against Defendants Jim Brace, Jay Taylor, Tiffany Clark, and Lyndsey Sloan ("individual defendants"), and Plaintiff's claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.*, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, based on Plaintiff's deposition testimony that he is not attempting to make claims against the individual defendants or under these statutes. Additionally, Cognis moves to dismiss Plaintiff's claim against Cognis pursuant to the Fourteenth Amendment to the United States Constitution since the Fourteenth Amendment as the Fourteenth Amendment is a restraint upon the states and not upon private entities unconnected with the state.

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To avoid dismissal for failure to state a claim for relief, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). While the plaintiff need not plead specific facts, his statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus,* 127 S.Ct. 2197 (2007)(citations omitted).

When considering a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept as true all factual allegations in the complaint and must draw inferences in a light most favorable to the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 236, (1974). *See also Bell Atlantic Corp. v. Twombly,*

2

127 S.Ct. 1955, 1965 (2007). In *Twombly*, the Supreme Court explained that, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 127 S.Ct. at 1969.[1] The plaintiff's ground for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986) (courts "are not bound to accept as true a legal conclusion couched as a factual allegation"); *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 405-06 (6th Cir. 1998) ("court need not accept as true legal conclusions or unwarranted factual inferences"). The complaint "must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory." *Weiner v. Klais and Co., Inc.*, 108 F.3d 86, 88 (6th Cir. 1997)(citing *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993)). "Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Twombly*, 127 S.Ct. at 1965 (citations omitted). While the complaint need not contain "heightened fact pleading of specifics," it must provide "enough facts to state a claim to relief that is plausible on its face" to survive a motion to dismiss. *Id.* at 1974. Moreover, if, on a motion under Rule 12(b)(6), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. Fed. R. Civ. P. 12(d). All parties must also be given a reasonable opportunity to present all the material that is pertinent to the motion. Id.

A party may move for summary judgment on the basis that the opposing party will not be able to produce sufficient evidence at trial to withstand a motion for judgment as a matter of law. In response to a summary judgment motion properly supported by evidence, the non-moving party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. *Sixty Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987); *Harris v. Adams*, 873 F.2d 929, 931 (6th Cir. 1989). Conclusory allegations, however, are not sufficient to defeat a properly supported summary judgment motion. *McDonald v. Union Camp Corp.*, 898 F.2d 1155, 1162 (6th Cir. 1990). The non-moving party must designate those portions of the record with enough specificity that the Court can readily identify those facts upon which the non-moving party relies. *Karnes v. Runyon*, 912 F. Supp. 280, 283 (S.D. Ohio 1995)(Spiegel, J.). "[A]fter a motion for summary judgment has been filed, thereby testing the resisting party's evidence, a factual issue may not be created by filing an affidavit contradicting [one's own] earlier deposition testimony." *Davidson & Jones Dev. Co. v. Elmore Dev. Co.*, 921 F.2d 1343, 1352 (6th Cir. 1991).

The trial judge's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine factual issue for trial. *Anderson*, 477 U.S. at 249-50. In so doing, the trial court does not have a duty to search the entire record to establish that there is no material issue of fact. *Karnes*, 912 F. Supp. at 283. *See also Street v. J.C. Bradford & Co.*, 886

---

[1] The *Twombly* Court made it plain that courts should no longer use the language of *Conley v. Gibson*, 355 U.S. 41 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that which would entitle him to relief," when evaluating whether a complaint can withstand a dismissal motion. *Twombly*, 127 S.Ct. at 1968 (quoting *Conley*, 355 U.S. at 45-46).

3

F.2d 1472, 1479-80 (6th Cir. 1989); *Frito-Lay, Inc. v. Willoughby*, 863 F.2d 1029, 1034 (D.C. Cir. 1988). The inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. *Anderson*, 477 U.S. at 249-50.

If, after an appropriate time for discovery, the opposing party is unable to demonstrate a *prima facie* case, summary judgment is warranted. *Street*, 886 F.2d at 1478 (citing *Celotex* and *Anderson*). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

During Plaintiff's deposition, he testified that he did not wish to pursue claims against the individual defendants. (*See* Doc. 62, Deposition of Terry Walker at 171-72). Plaintiff's testimony was clear and unequivocal. As such, we find that summary judgment should be granted with respect to the individual defendants and Plaintiff's Second Amended Complaint be dismissed as to said defendants.

Plaintiff further testified that he was not attempting to bring claims pursuant to the FLSA, FMLA, or ADA. Plaintiff specifically testified as follows:

Q: Are you attempting to bring any causes of action under the Fair Labor Standards Act?

. . .

Q: I'm not trying to hold you to an exhaustive knowledge of what that Act is, but are you attempting to allege that the company didn't give you the appropriate overtime compensation?

A: Not overtime. No, ma'am.

Q: Are you attempting to allege that they didn't pay you the appropriate minimum wage?

A: No, ma'am.

Q: Do you know of any of the causes of action that you would be trying to bring against the company under the Fair Labor Standards Act?

A: No, ma'am, not directly.

Q: Are you attempting to bring any claims against Cognis Oleochemicals under the Family and Medical Leave Act?

A: No, ma'am.

4

> Q: Okay. I'll go to the next one. It was 42 USCS Section 12101. Do you see that in paragraph 5?
>
> A: Yes, ma'am.
>
> Q: I'll represent to you that that is the Americans with Disabilities Act?
>
> A: Yes, ma'am.
>
> Q: Are you attempting to bring any type of disability claim against Cognis Oleochemicals?
>
> A: No, ma'am.

(Walker Depo., at 224-26). Thus, Plaintiff's testimony is clear that he does not intend to pursue claims against Defendant Cognis under either the FLSA, FMLA or ADA. Accordingly, we find summary judgment appropriate with respect to Plaintiff's claims under these statutes.

Plaintiff also attempts to bring a claim against Defendant Cognis under the Fourteenth Amendment as part of his retaliation claim. In general, the Equal Protection Clause requires that "all persons similarly situated should be treated alike." *Cutshall v. Sundquist*, 193 F.3d 466, 482 (6th Cir. 1999) (quoting *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985)). The guarantee of equal protection "is to secure every person within the State's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). However, "the Fourteenth Amendment is a restraint upon the states and not upon private persons unconnected with a state. *Nixon v. Condon*, 286 U.S. 73, 83 (1932); *see also District of Columbia v. Carter*, 409 U.S. 418, 423 (1973)("The commands of the Fourteenth Amendment are addressed only to the State or to those acting under color of its authority"). Defendant Cognis is a private entity, not an entity acting under color of state authority. As such, Plaintiff's claim against Defendant Cognis pursuant to the Fourteenth Amendment fails as a matter of law and should be dismissed.

Lastly, Plaintiff testified in his deposition that he intended to assert Counts 1-4 which were outlined in Plaintiff's Motion to Object to Defendant's Motion to Strike and Motion to Dismiss Complaint (Doc. 50). In Plaintiff's Motion to Object, he asserts five claims as follows:

Count 1 Plaintiff was wrongfully passed over for a promotion as of 3-3-2006.
 *Promotion was instead given to Sam Johnson, a less senior,
 Caucasian employee

Count 2 Plaintiff was wrongfully delayed a pay raise as of 4-21-2006.
 *20-30 employees, all Caucasian received a promised raise, except

for the Plaintiff who was also promised.

Count 3 Plaintiff was retaliated against for filing a company complaint as of 6-27-2006.
    \*Sudden allegations, new tasks required to be completed, and a new timecard routine to keep; all right after Plaintiff's meeting with Defendant's supervisors. Immediate supervisor to Plaintiff could not keep up with the "new" time card rules, however only the Plaintiff was approached in regards to possible termination.

Count 4 Plaintiff was retaliated against for filing a complaint with the OCRC as of 2-12-2007.
    \*Exactly one day after all OCRC statues cleared the Defendant from further investigation on their behalf, Defendant changed job attendance policy; in which Plaintiff was now in jeopardy of termination once again.

Count 5 Plaintiff was retaliated against for filing federal lawsuit as of 4-10-2007.
    \*Plaintiff mysteriously received a job promotion, although not quite the promised amount and in lieu of the imperfect evaluation. A phone was given to the Plaintiff as well in a foiled attempt to terminate employment on basis of attendance.

(Doc. 50 at p. 1). Plaintiff testified at his deposition that he was not attempting to assert Count 5 against Defendant. Specifically, Plaintiff stated,

> Q: So when you take a look at Count Number 5 in Exhibit 20 [Doc. 50], where it says, "Plaintiff was retaliated against for filing a federal lawsuit as of April 10, 2007," you're not attempting to bring that allegation against the company, is that correct?
>
> A: Correct.

(*Id.*, p. 223). In light of this testimony, we find that summary judgment is appropriate with respect to all claims against Defendant Cognis with the exception of Counts 1-4 outlined in Plaintiff's Motion to Object (Doc. 50). Counts 1-4 as outlined above are, therefore, the only causes of action remaining as against Defendant Cognis.

## IT IS THEREFORE RECOMMENDED THAT

1) Defendants' Partial Motion to Dismiss, or in the Alternative, for Summary Judgment (Doc. 63) be **GRANTED**.

2) Plaintiff's Second Amended Complaint be DISMISSED as against individual defendants Jim Brace, Jay Taylor, Tiffany Clark, and Lyndsey Sloan.

3) Plaintiff's claims against Defendant Cognis under the FLSA, FMLA, ADA and the Fourteenth Amendment be DISMISSED.

Date: 1/26/10

Timothy S. Hogan
United States Magistrate Judge

## NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO THIS R&R

Pursuant to Fed. R. Civ. P. 72(b), within fourteen (14) days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

J:\LES\MTNDISM\Cognis.mtd.wpd

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☒ Agent ☐ Addressee<br>B. Received by (Printed Name) C. Date of Delivery |
| 1. Article Addressed to:<br><br>Terry Walker<br>PO Box 16212<br>Cinti, OH 45216 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br><br>3. Service Type<br>☒ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee) ☐ Yes |
| 2. Article Number (Transfer from service label) | 7002 3150 0000 8388 3738 |
| PS Form 3811, August 2001 | Domestic Return Receipt    102595-02-M-1540 |

1:07cv289 (Doc. 66)